James A. Schondebare, Esq. Town Attorney, Southold
You have asked whether one person may serve simultaneously as a member of the town board and as a member of the board of trustees of the town.
You have informed us that the board of trustees of the Town of Southold was created by act of the State Legislature (L 1893, ch 615). They were given management and control over land, water and lands under water acquired by the Town of Southold by virtue of colonial patents. The trustees are elected by the voters of the Town of Southold at biennial town elections (L 1893, ch 615, § 1). "The members of said board of trustees shall be deemed to be town officers and as such subject to the requirements of all laws controlling town officers . . ." (id., § 3).
The town board is the administrative and legislative arm of town government.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Section 20 (4) of the Town Law provides that no person is eligible to hold more than one elective town office. In that the trustees of the Town of Southold have been made subject to all laws controlling town officers, this provision prohibits one person from holding the positions of town board member and trustee.
In any event, you have informed us that the salaries and budget of the trustees are set by the town board and that the town board audits the bills of the trustees. Thus, the position of trustee is subordinate to the office of town board member and, for this reason also, the positions are incompatible.
We conclude that in the Town of Southold the positions of town board member and member of the board of trustees of the town are incompatible.